UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICOLE FLOYD,

  Plaintiff,

CASE NO.:

-VS-

SANTANDER CONSUMER USA, INC.,

  Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, NICOLE FLOYD (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendant, SANTANDER CONSUMER USA, INC. (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably

1

intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

5. The alleged violations described herein occurred in Seminole County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person, and citizen of the State of Florida, residing in Seminole County, Florida

7. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

8. Plaintiff is an "alleged debtor."

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Illinois with its principal place of business located at 1601 Elm Street, Suite 800, Dallas, Texas 75201, and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

11. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

12. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

13. Defendant has called Plaintiff on Plaintiff's cellular telephone hundreds of times in an attempt to collect a debt.

14. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

15. Some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls").

16. Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received and because she heard a pause when she answered her

phone before a voice came on the line, a commonly known indicator of the use of an ATDS.

17. Plaintiff also received pre-recorded messages from Defendant.

18. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (386) ***-1074, and was the called party and recipient of Defendant's calls.

20. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (386) ***-1074 in an attempt to collect on an auto loan.

21. On several occasions in 2019 Plaintiff has instructed Defendant's agent(s) to stop calling her cellular telephone.

22. In or about March of 2019, Plaintiff communicated with Defendant from her aforementioned cellular telephone number and instructed Defendant's agent to cease calling.

23. Plaintiff also instructed Defendant via its online payment portal to cease calling.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant to remove the number.

26. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff despite these individuals explaining to Defendant they wish for the calls to stop.

27. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

28. Defendant has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

29. Defendant has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

30. Not a single call placed by Defendant to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32. From each and every call placed without consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

33. As a result of the calls described above, Plaintiff suffered an invasion of privacy.

34. Plaintiff was also affected in a personal and individualized way by stress, anger, frustration and aggravation.

35. These unwanted and harassing calls came at a rate of multiple calls per day, and on back-to-back days, despite Plaintiff requesting that the calls stop.

36. The unwanted calls created a disruption in Plaintiff's personal life as well as in her professional endeavors.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SANTANDER CONSUMER USA, INC., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

40. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-six (36) as if fully set forth herein.

6

41. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

42. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

43. Defendant called Plaintiff at an unusually excessive rate despite Plaintiff repeatedly requesting that the calls stop.

44. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SANTANDER CONSUMER USA, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

    */s/Frank H. Kerney, III, Esquire*
    Frank H. Kerney, III, Esquire
    Florida Bar #: 88672
    Morgan & Morgan, Tampa, P.A.
    One Tampa City Center
    201 North Franklin Street, 7th Floor
    Tampa, FL 33602
    Telephone: (813) 223-5505
    Facsimile:  (813) 223-5402
    fkerney@forthepeople.com
    snazario@forthepeople.com
    mmartinez@forthepeople.com
    *Counsel for Plaintiff*